**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| CATHERINE BECKNER, an individual; SCOTT BECKNER, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>NEW JERSEY MANUFACTURERS INSURANCE COMPANY, a foreign corporation; DOE INDIVIDUALS I-X, inclusive; and ROE ENTITIES I-X, inclusive<br><br>Defendants. | Case No. 2:15-cv-847-APG-PAL<br><br>**Order Granting Motion to Dismiss**<br>**[Dkt. #3]** |

Defendant New Jersey Manufacturers Company ("NJM") moves to dismiss the claims brought against it in Nevada by plaintiffs Catherine Beckner and Scott Beckner, to whom it issued a car insurance policy in August 2012 while the couple was living in New Jersey. NJM is a New Jersey corporation with three offices, all of which are in New Jersey. It does not conduct business in Nevada. It does not own property in Nevada. It does not have any employees who work in Nevada or direct communications to Nevada. Nor does it have a Nevada bank account. In short, NJM does not have sufficient minimum contacts with Nevada to justify haling it here to defend this case. I therefore grant NJM's motion to dismiss on personal jurisdiction grounds.

**I.   BACKGROUND[1]**

The Beckners were in a car accident on Interstate-215 in Nevada in August of 2013.[2] Both were severely injured. But when they tried to collect payment from NJM for their resulting

---

[1] This section summarizes the facts alleged in the Beckners' complaint. I assume these allegations are true only for purposes of addressing NJM's motion to dismiss.

[2] (*See* Dkt. #12 at 1-2.)

medical expenses, NJM "failed to acknowledge or effectuate prompt, fair and equitable settlement of [their] claim, in violation of NRS 686A. 310."[3]

NJM does not dispute these allegations for purposes of its motion. Instead, NJM argues that this Court sitting in Nevada lacks personal jurisdiction over it. A New Jersey corporation whose three offices are all in that state, NJM does not conduct business in Nevada. Nor does it own any property in Nevada, have any employees that work in Nevada, or own a Nevada bank account.

## II. DISCUSSION

### 1. Personal Jurisdiction

"The general rule is that personal jurisdiction over a defendant is proper if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process."[4] Because "Nevada's long-arm statute authorizes the exercise of personal jurisdiction to the extent allowed by federal due process,"[5] I need only determine whether the exercise of jurisdiction over defendants would be consistent with due process.

### 2. Minimum Contacts: General Jurisdiction and Specific Jurisdiction

Due process requires the defendant have at least "minimum contacts" with the forum state so that "maintenance of the suit does not offend traditional notions of fair play and substantial justice."[6] "[T]he defendant's conduct and connection with the forum State [must be] such that he

---

[3] (*See id.* at 2.)

[4] *Pebble Beach v. Caddy*, 453 F.3d 1151, 1154–55 (9th Cir. 2006).

[5] *Pfister v. Selling Source*, LLC, 931 F. Supp. 2d 1109, 1115 (D. Nev. 2013).

[6] *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945).

2

should reasonably anticipate being haled into court there."[7]  "[I]t is the defendant, not the plaintiff or third parties, who must create contacts with the forum State."[8]

When analyzing whether a defendant has sufficient minimum contacts with a forum state, courts distinguish between general jurisdiction and specific jurisdiction.  General jurisdiction is appropriate when the defendant's forum activities are so "substantial, continuous and systematic"[9] that the defendant can be deemed to be "essentially at home in the forum state."[10] "This is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world."[11]  In this case, none of the parties contends that I could exercise general jurisdiction over defendants.

Specific jurisdiction, on the other hand, exists if "the defendant purposely avails itself of the privilege of conducting activities within the forum State . . . [and] the controversy [is] sufficiently related to or arose out of [the defendant's] contacts with the forum state."[12]  "This purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts."[13]  The Ninth Circuit has established a three-prong test for determining specific jurisdiction:

---

[7] *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980).

[8] *Walden v. Fiore,* 134 S. Ct. 1115, 1121 (2014).

[9] *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001).

[10] *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011); *see also Daimler AG v. Bauman*, 134 S.Ct 746, 757-762 (2014).

[11] *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004).

[12] *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F3d 267, 270 (9th Cir. 1995).

[13] *Id.*

     a.     The non-resident defendant must purposefully direct its activities or consummate some transaction with the forum or resident thereof, or perform some act by which it purposefully avails itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

     b.     the claim must be one which arises out of or relates to the defendant's forum-related activities; and

     c.     the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.[14]

The plaintiff bears the burden of satisfying the first two prongs. If they are satisfied, then the burden shifts to the defendant to show why the exercise of personal jurisdiction would be unreasonable.[15]

### 3. Purposeful Availment

The Ninth Circuit treats purposeful availment in tort cases differently from purposeful availment in contract cases.[16] In contract cases, the Ninth Circuit "typically inquires whether a defendant purposefully avails itself of the privilege of conducting activities or consummates a transaction in the forum."[17] In tort cases, on the other hand, the Ninth Circuit applies "an 'effects' test that focuses on the forum in which the defendant's actions were felt, whether or not

---

[14] *Schwarzenegger*, 374 F.3d at 801.

[15] *Id.*

[16] *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitism*, 433 F.3d 1199, 1206 (9th Cir. 2006) (quotations omitted).

[17] *Id.*

4

the actions themselves occurred within the forum."[18] But both methods of analysis and the purposeful availment requirement in general are "but a test for determining the more fundamental issue of whether 'a defendant's conduct and connection with the forum state are such at he should reasonably anticipate being haled into court there."[19] The key question is one of due process: would it be fair, based on NJM's contacts with Nevada, for it to expect to have to defend itself in a Nevada court.

I find that it would not be fair. NJM is a New Jersey corporation whose only offices are in that state. It does not conduct business in Nevada, hold any property in Nevada, or have any employees who work in Nevada. The Beckners undervalue these facts and focus instead on their own contacts with Nevada. "It should be noted for the Court," they declare, "that, at the time of the incident in question, [we] were residents of the forum state, Nevada."[20] But the minimum contacts analysis looks toward "the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there."[21] "The plaintiff cannot be the only link between the defendant and the forum."[22]

The Beckners have not demonstrated that there is a strong enough link between NJM and Nevada to justify making NJM come here to defend itself. The purposeful availment prong, in other words, has not been satisfied. Accordingly, I need not consider the other two prongs for specific jurisdiction. NJM's motion to dismiss is granted.

---

[18] *Id.* at 1206 (quotations omitted).

[19] *Haisten v. Grass Valley Med. Reimbursement Fund, Ltd.*, 784 F.2d 1392, 1397 (9th Cir. 1986).

[20] (Dkt. #12 at 4.)

[21] *Walden*, 134 S. Ct. at 1122.

[22] *Id.*

## 4. CONCLUSION

IT IS HEREBY ORDERED that Defendant NJM's Motion to Dismiss **(Dkt. #3)** is **GRANTED**. All claims against NJM are dismissed without prejudice.

DATED this 11th day of June, 2015.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE